and several others in an auto, in which they carried 172 bottles of whisky. This whisky was taken in possession by the sheriff, and the parties arrested and placed in jail. Shortly afterward appellant gave bond and was discharged from custody, and upon doing so claimed 12 bottles of whisky, which was turned over to him by the sheriff. A woman testified that she got a pint of whisky from appellant on the 28th day of October. She is contradicted in such way and by such circumstances that we presume the jury did not credit her testimony. It is shown beyond question by several witnesses, and one of them Dr. Smith, a physician, who performed a surgical operation upon defendant on the 24th day of October, that he was unable to be out of his room and bed at the time this woman says she bought whisky from him, which she says was on the 28th of October. Not only Dr. Smith testifies to this who was the attending physician and surgeon, but other witnesses testified to the same facts. If this woman bought whisky from appellant she evidently got the date wrong. Appellant and his witnesses deny selling whisky to Dyer at any time, and introduced evidence to the effect that Dyer bought whisky about the time indicated from a man named Collins, and not from appellant. This is the case briefly stated.

If Dyer bought whisky from appellant as he testified, on two specified occasions, and at numerous other times not specified in the indictment, this might possibly be sufficient to predicate a conviction in connection with the sheriff's testimony that he and others found appellant and others in possession of 172 bottles of whisky, 12 of which belonged to him. We would hardly feel justified, in view of these facts and circumstances, to reverse this judgment, though to the mind of the writer it seems the testimony is rather meager to form the predicate of pursuing the business or occupation of selling intoxicants. As the record is presented, however, the judgment will be affirmed.

---

## RAILEY v. STATE.    (No. 5188.)

(Court of Criminal Appeals of Texas.   Nov. 13, 1918.)

CRIMINAL LAW    ⊂⟩1122(3), 1124(3)—APPEAL —NECESSITY OF INCORPORATING EVIDENCE IN RECORD.

Exceptions to the charge, and grounds of motion for new trial, both in refusing instructions and in passing on sufficiency of evidence, need not be considered, where the evidence does not accompany the record.

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

Andrew Railey was convicted of theft, and he appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J.. Appellant was convicted of theft of property over the value of $50, and allotted two years in the penitentiary.

He reserved exceptions to the charge of the court because "it deals with the innocence of John M. Fletcher when," from defendant's standpoint, the witness is an accomplice, and asked the court by special charge to give said charge to the jury; second, it nowhere charges the defendant's act as being that of embezzlement, which he contends should have been done, and that the case does not make one of theft. It is contended in the motion for new trial that the evidence is not sufficient, and that the court erred in not giving requested instructions asked by defendant, because appellant could not be convicted of theft unless he was connected with the actual taking. The exceptions to the charge of the court and grounds of the motion for new trial, both in refusing requested instructions and in passing on the sufficiency of the evidence, need not be considered, because the evidence does not accompany the record.

The judgment as the record is presented will be affirmed.

---

## RAILEY v. STATE.    (No. 5189.)

(Court of Criminal Appeals of Texas.   Nov. 13, 1918.)

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

Andrew Railey was convicted of theft, and he appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J.   This is an appeal from a felony conviction of theft, but the record contains no statement of facts or bill of exceptions. In the absence of these there is nothing which can be reviewed.

The judgment is therefore affirmed.

---

## REUM v. STATE.    (No. 5183.)

(Court of Criminal Appeals of Texas.   Nov. 13, 1918.)

1. INDICTMENT AND INFORMATION ⊂⟩125(36) — CONJUNCTIVE CHARGES — UNLAWFULLY PRACTICING MEDICINE.

Complaint and information for unlawfully practicing medicine, preferred under Pen. Code 1911, arts. 750, 755, averring conjunctively several matters in articles defining offense, and following substantially an approved form, were sufficient.

2. PHYSICIANS AND SURGEONS ⊂⟩6(10)—UNLAWFUL PRACTICE — PROSECUTION — EVIDENCE.

In prosecution, under Pen. Code 1911, arts. 750, 755, for unlawfully practicing medicine, court properly excluded testimony of district clerk, offered by defendant, and record, in his office in register of physicians and surgeons, showing entries previously made under old law, then in force, but since repealed.

---

⊂⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes